IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CONNIE BOWERS,** : | |
| : | |
| **Plaintiff,** : | Case No. 2:09-CV-290 |
| : | |
| v. : | JUDGE ALGENON L. MARBLEY |
| : | |
| **HARTFORD LIFE AND ACCIDENT** : | Magistrate Judge King |
| **INSURANCE COMPANY** : | |
| : | |
| **Defendant.** : | |
| : | |

## OPINION & ORDER

### I. INTRODUCTION

This matter comes before the Court on Plaintiff, Connie Bowers's ("Bowers") Motion for Attorney's Fees. (Doc. 38). Pursuant to 29 U.S.C. § 1132(g)(1), Bowers seeks an award of $23,590.00 in attorney's fees and $445.98 in costs. For the reasons set forth below, Bowers's Motion for Attorney's Fees is **GRANTED**.

### II. BACKGROUND

On May 17, 2010, this Court issued an Opinion and Order denying Defendant Hartford Life and Accident Insurance Co.'s ("Hartford") Motion for Judgment on the Administrative Record and granting in part Bowers's Motion for Judgment on the Administrative Record (Doc. 29). This Court held that Hartford's decision to deny Bowers's application for long-term disability ("LTD") benefits was "arbitrary and capricious" based on: (1) Hartford's conflict of interest in determining whether Bowers was eligible for benefits and when, if ever, benefits should be paid; (2) the failure of Hartford's medical reviewer to document upon which evidence he rested his decision that Bowers

is not disabled; (3) the failure of Hartford's medical reviewer to consider all evidence, specifically, the Functional Capacity Evaluation, when finding a lack of clinical data documenting Bowers's disability; and (4) Hartford's failure to consider the actual requirements of Bowers's occupation and the circumstances surrounding the Occupational Analysis. *Bowers v. Hartford Life and Acc. Ins. Co.*, No. 2:09-CV-290, 2010 WL 1963412, at *9 (S.D. Ohio May 17, 2010) ("*Bowers I*").[1]

Based on its finding that Hartford's denial of Bowers's LTD benefits was arbitrary and capricious, this Court remanded the case to the Plan Administrator to determine whether Bowers's physical limitations rendered her unable to perform her previous duties as a Senior General Office Administrator with Kenworth. *Id.* at *9. Bowers then moved this Court for reconsideration of the remedy. Bowers argued: (1) that the Court should have ordered a retroactive reinstatement of benefits, rather than remand the case to the Plan Administrator, and (2) that the Court should have ordered Hartford to pay pre-judgment interest on the retroactive award. Because remand was a proper remedy for Bowers's claim, this Court denied Bowers's Motion to Alter or Amend the Judgment. While Bowers's Motion to Alter or Amend the Judgment was pending, Bowers filed a Motion for Attorney's Fees under 29 U.S.C. § 1132(g)(1). That motion is now before the Court.

### III.  STANDARD OF REVIEW

"In most lawsuits seeking relief under the Employee Retirement Income Security Act of 1974 (ERISA), 'a reasonable attorney's fee and costs' are available 'to either party' at the court's 'discretion.'" *Hardt v. Reliance Standard Life Ins.*, --- U.S. ---, ---, 120 S.Ct. 2149, 2152 (2010) (quoting 29 U.S.C. § 1132(g)(1)) (citation omitted). Though the language of the statute is silent

---

[1] For clarity and convenience, the Court's initial Opinion & Order in this case will be referred to as "*Bowers I*," while the Court's Opinion & Order on Bowers's Motion to Alter or Amend the Judgment will be referred to as "*Bowers II*."

regarding the degree of success a party must achieve in order to be eligible for an award of attorney's fees, in *Hardt*, the Supreme Court interpreted the language of § 1132(g)(1) to allow an award of attorney's fees "'in its discretion' . . . 'to either party' . . . as long as the fee claimant has achieved 'some degree of success on the merits.'" *Id*. (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983); 29 U.S.C. § 1132(g)(1)). Additionally, the Supreme Court cautioned against the use of factor tests to determine a claimant's eligibility for attorney's fees under § 1132(g)(1). The Fourth Circuit's five-factor test considered in *Hardt* is identical to the *King* test utilized in this Circuit. *Compare Hardt*, ---U.S.---, 130 S.Ct. at 2155 n.1 (quoting *Quesinberry v. Life Ins. Co. of North Am.*, 987 F.2d 1017, 1029 (4th Cir. 1993) (setting out the Fourth Circuit test)) *and Gaeth*, 538 F.3d at 529 (setting out the Sixth Circuit test). The Supreme Court did not, however, "foreclose the possibility that once a claimant has satisfied this requirement [some success on the merits], and thus becomes eligible for a fees award under § 1132(g)(1), a court may consider the five factors adopted by the Court of Appeals . . . in deciding whether to award attorney's fees." *Hardt*, --- U.S. ---, 130 S.Ct. at 2158 n.8. *Hardt*, therefore, adds a threshold determination to a court's analysis of a motion for fees under § 1132(g)(1). Once a court determines that a claimant has achieved "some degree of success on the merits," it may apply a factor test to determine whether to award fees.

### IV. LAW & ANALYSIS

#### A. *HARDT* ANALYSIS

Bowers's eligibility for attorney's fees and costs under § 1132(g)(1) turns on the question of whether she has achieved "some degree of success on the merits." *Hardt*, --- U.S.---, 130 S.Ct. at 2158. The "some degree of success" standard is not satisfied if the claimant achieves only "trivial

success on the merits or a purely procedural victory, but [is satisfied] if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was substantial or occurred on a central issue." *Id*. (internal quotations omitted). In *Hardt*, the Supreme Court expressly left open the question of whether a remand order alone, without a finding regarding the plaintiff's disability, constitutes "some success on the merits." *Id.* at 2159. Since *Hardt*, lower courts have determined that a remand requiring the plan administrator to address deficiencies in the original review of a plaintiff's claim constitutes "some success on the merits" even if the district court made no determination regarding the plaintiff's disability status. *See Richards v. Johnson & Johnson*, No. 2:08-cv-279, 2010 WL 3219133 at *3 (E.D. Tenn. Aug. 12, 2010) (finding some success on the merits where the plaintiff achieved a remand requiring the plan administrator to "address the many deficiencies that occurred during review of Plaintiff's claim," and creating the possibility that the defendant plan administrator might substantiate plaintiff's disability). Thus, remand does not preclude a finding of "some success on the merits."[2] *Id*.

In finding Hartford's decision to terminate Bowers's LTD benefits to be arbitrary and capricious, this Court recognized serious deficiencies in Hartford's review of Bowers's claim. For example, in the course of compiling the report that was the sole basis for Hartford's denial of Bowers's LTD benefits, this Court found that Hartford's medical reviewer did not examine Bowers, properly acknowledge the opinions of Bowers's treating physicians or take the Functional Capacity Evaluation into account. On remand, Hartford will have to consider this evidence, which may lead

---

[2] After this Court remanded Bowers's claim, she filed a Motion to Alter or Amend the Judgment. In that motion Bowers sought a retroactive reinstatement of her LTD benefits. The Court denied Bowers's motion finding that remand to the Plan Administrator was an appropriate remedy.

to a reinstatement of Bowers' benefits. This Court, therefore, concludes Bowers has achieved "some success on the merits" at this remand stage and is, therefore, eligible for attorney's fees under § 1132(g)(1).

### B. *KING* ANALYSIS

Bowers's eligibility for attorney's fees, however, does not establish her entitlement to them. *See Hardt*, ---U.S. at ---, 130 S.Ct. at 2158 n.8 ("[O]nce a claimant . . . becomes eligible for a fees award . . . a court may consider the five factors . . . in deciding whether to award attorney's fees.") The factors of the *King* test must weigh in favor of an award of attorney's fees before a district court in this Circuit will exercise its discretion to grant such fees. *See Kauffman*, 2007 WL 490896 at *1. The *King* factors are as follows: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions. *Gaeth*, 538 F.3d at 529. Because no single factor is determinative, the Court will consider each factor in turn. *Moon v. Unum Provident Corp.*, 461 F.3d 639, 642-43 (6th Cir. 2006).

#### 1. Culpability or Bad Faith

This Court's finding that Hartford's denial of benefits was arbitrary and capricious does not mean that the denial was made in bad faith. *Foltice v. Guardsman Products, Inc.*, 98 F.3d 933, 937 (6th Cir. 1996). Rather, "the Court considers the circumstances surrounding the denial," in order to determine the level of Defendant's culpability or bad faith. *Kauffman v. Sedalia Medical Center, Inc.*, No. 204-CV-543, 2007 WL 490896, at *1 (S.D. Ohio Feb. 9, 2007). It is important to note that

culpability and bad faith are not synonymous—as is demonstrated by the disjunctive "or" in the *King* test. *See Pelchant v. Unum Life Ins. Co.*, No. 3:02CV7282, 2003 WL 21479170, at *2 (N.D. Ohio June 25, 2006). "Culpability is merely defined as 'blameworthiness.'" *Pelchant*, 2003 WL 21479170, at *2 n.1 (citing Black's Law Dictionary 385 (7th ed. 1999)). Bad faith, on the other hand, has been defined by the Sixth Circuit as "arbitrary, reckless, indifferent, or intentional disregard of the interests of the person owed a duty." *Benkert v. Medical Protective Co.*, 842 F.2d 144, 149 (6th Cir. 1988). *See also Foltice*, 98 F.3d at 940 (Wiseman, J., dissenting).

While this Court does not find Hartford's decision was in bad faith, the evidence shows Hartford was culpable in terminating Bowers's LTD benefits. The Sixth Circuit has found that "[w]here a plan administrator engages in an inadequate review of a beneficiary's claim or otherwise acts improperly in denying benefits," the culpability aspect of the *King* test is satisfied. *See Shelby County Health Care Corp v. Majestic Star* Casino, 581 F.3d 355, 377 (6th Cir. 2009). A paper review that fails to take treating physicians' opinions into account is an example of an inadequate review. *See Moon v. Unum Provident Corp.*, 461 F.3d 639, 643-44 (6th Cir. 2006) (reversing the district court and weighing the culpability factor in favor of petitioner where the administrator's physician conducted only a paper review that failed to take into account treating physicians' opinions). Hartford engaged in such an inadequate review of Bowers's claim. Hartford's independent reviewer, Dr. Baum, failed to credit the opinions of Bowers's treating physicians, including the Functional Capacity Evaluation performed by Dr. Bonasso, and offered no reasons for his failure to do so. *Bowers I*, 2010 WL 1963412 at *14-*16. While Hartford is not required to give special deference to Bowers's treating physicians, it "may not arbitrarily refuse to credit a claimant's treating physician." *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834 (2003).

If the opinion of a treating physician is not credited, the plan administrator "must give reasons for adopting an alternative opinion." *Williams v. Hartford Life and Acc. Ins. Co.*, slip op. 2009 WL 3127761, at *10 (S.D. Ohio September 25, 2009) (citing *Evans v. Unum Provident Corp.*, 434 F.3d 866, 877 (6th Cir. 2006)). Because Dr. Baum offered no such explanation as to why his view differed from Bowers' treating physicians' opinion, Hartford, as the insurer did in *Moon*, engaged in an inadequate review, which fulfills the culpability standard under the *King* analysis. Thus, this Court finds that the first *King* factor weighs in favor of awarding attorney's fees.

### 2. Hartford's Ability to Satisfy an Award of Attorney's Fees

Hartford does not dispute their ability to satisfy an award of attorney's fees. *See generally* (Def.'s Memo. Opp.). This factor, therefore, weighs in favor of such an award.

### 3. Deterrent Effect of a Fee Award

"The key question in analyzing this third factor is . . . whether the fee award [will] have a deterrent effect on other plan administrators." *Gaeth*, 538 F.3d at 532. The deterrent effect on other plan administrators is likely to have more significance in a case where the defendant is highly culpable—where "deliberate misconduct is in the offing," rather than when the plan administrator has just made an "honest mistake." *Foltice*, 98 F.3d at 937. Lack of bad faith should not impact whether a court finds fees could have a deterrent effect. *Moon*, 461 F.3d at 645.

In this case, Hartford's benefits determination does fall within the category of "misconduct" rather than just an "honest mistake." Hartford's plan administrator based its decision to deny the Bowers's benefits on the opinion of a medical reviewer who conducted a less than thorough file review. As discussed earlier, a cursory review of a claimant's file constitutes culpable conduct. *See Moon*, 461 F.3d at 645. Thus, even in the absence of bad faith, an award of attorney's

fees here can have a deterrent effect. Similar to the Sixth Circuits's reasoning for awarding fees in *Moon*, awarding Bowers fees will warn plan administrators that "before terminating a plan participant's benefits, a plan administrator should ensure that the opinions upon which they rely to make their decisions are based on a thorough review of the administrative record." *Id.* Thus, this third *King* factor also weighs in favor of awarding attorneys fees.

### 4. Conferring a Common Benefit on Plan Participants or Resolving a Significant Legal Question Under ERISA

Bowers admits that she filed this case for her own benefit. Accordingly, she has not sought to confer a common benefit on other plan participants. *Moon*, 461 F.3d at 645. Additionally, no significant ERISA legal question has been or will be resolved by this case. Bowers argues that her Motion to Alter or Amend Judgment presented a "novel and unresolved legal issue": whether Bowers should continue receiving benefits until Hartford determines Bowers's eligibility for benefits under the "any occupation" and the "own occupation" standards. This Court, however, did not consider the question when ruling on the Motion to Alter or Amend Judgment because it lacked jurisdiction. *Bowers v. Hartford Life and Accident Ins. Co.*, slip op., No. 2:09-CV-290, 6-7 (S.D. Ohio Aug. 24, 2010) ("*Bowers II*"). *See also Smith v. Bayer Corp. Long Term Disability Plan*, 275 Fed. Appx. 495, 511 (6th Cir. 2008). This Court also noted that the case law cited by Bowers to support her position that Hartford was required to perform an "any occupation" review prior to the end of the "own occupation" period did not stand for such a proposition. *Bowers II*, No. 2:09-CV-290 at 7. Thus, as Bowers's case will not resolve any difficult ERISA questions, this factor weighs against awarding attorney's fees.

### 5. Relative Merits of the Parties' Positions

In holding that Hartford's denial of Bowers's LTD benefits was arbitrary and capricious, this Court found that Bowers proved that the plan administrator's decision-making process in denying her LTD benefits was inadequate. Rather than reinstating her benefits, however, this Court remanded the case to Hartford's plan administrator to re-examine Bowers's eligibility for LTD benefits. *Bowers*, 2010 WL 1963412 at *8-*9. *See Bowers II*, No. 2:09-CV-290 at 4, 5. It is entirely possible, therefore, that upon reexamination, the plan administrator again will determine that Bowers is not entitled to benefits under the plan. When the record leaves open the possibility that the plan administrator might ultimately prevail, the merits of the claimant's position are questionable as compared to the merits of the plan administrator's. *See Gaeth*, 538 F.3d at 534. This factor, therefore, favors Hartford and weighs against awarding attorney's fees.

### 6. Summary

None of the factors examined above is alone dispositive. *See Foltice*, 98 F.3d at 937. The factors, do, however, inform the discretion of this Court. *See id.* at 936 ("When exercising the discretion vested in the district court by 29 U.S.C. § 1132(g)(1), we have said, the district court should consider the [*King*] factors . . ."). On balance, three factors weigh in favor of awarding attorneys fees, and two weigh against. Considering these *King* factors in light of the evidence on the record, this Court awards reasonable costs and attorney's fees to Bowers.

### V. REASONABLENESS OF FEES

The starting point for determining the amount of reasonable attorney's fees is the "lodestar" amount. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). This is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly

rate. *Id*. "Where the party seeking attorney fees has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled." *Pennsylvania v. Del. Valley Citizens Council for Clean Air*, 478 U.S. 546, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986).

### A. Hours Reasonable Expended

In determining the hours reasonable expended by a prevailing party's counsel,

> [t]he question is not whether a party prevailed on a particular motion or whether in hindsight the time expenditure was strictly necessary to obtain the relief requested. Rather, the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed.

*Woolridge v. Marlene Indus. corp.*, 898 F.2d 1169, 1173 (6th Cir. 1990). Bowers submits that 67.4 hours were reasonably expended by her counsel on this case. Defendants have not objected to the hours Bowers has claimed. After reviewing counsel's billing records, the Court finds these hours reasonable.

### B. Reasonable Hourly Rates

Bowers suggests that a reasonable rate in this case is $350 per hour. Bower's counsel's affidavit establishes counsel's work experience in the ERISA field to justify the rate requested. The affidavit further established that the market supports the rate requested in this case—Bower's counsel has previously worked on other cases at a rate of $350 per hour. Finally, the affidavit sets out a range of fees that have been approved in this Circuit, ranging from $350 per hour to $550 per hour, based on the complexity of the work and the experience of the attorney. Defendants have not objected to the rate Bowers has claimed. This Court finds, based on the above cited reasons, that $350 per hour is a reasonable rate. As of the time the Motion for Attorney's Fees was filed, per the

affidavit of Plaintiff's counsel, the total amount of fees incurred was $23,590.00, and the total amount of costs incurred was $445.98 for a total of $24,035.98. This is a reasonable award in this case.

### VI. CONCLUSION

This Court finds Plaintiff Bowers is eligible for attorney's fees under 29 U.S.C. § 1132(g)(1) because she has achieved more than trivial success on the merits of her claim. This Court also finds the *King* factors weigh in favor of awarding Bowers's requested attorney's fees, which are reasonable with regard to the number of hours and rate requested. Therefore, Bowers's Motion for Attorney's Fees is **GRANTED.** Defendants are **ORDERED** to pay Bowers the requested fees and costs of $24,035.98.

**IT IS SO ORDERED.**

                                                      **S/Algenon L. Marbley**
                                                      **Algenon L. Marbley**
                                                      **United States District Judge**

**Dated: October 19, 2010**